## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | |
|---|---|
| JEREMY ANTWON THOMAS, | ) |
| | ) |
| ADC # 122990 | )     **Case No. 5:11-CV-00329 BSM-JTK** |
|     Petitioner, | ) |
| v. | ) |
| | ) |
| RAY HOBBS, Director, | ) |
| Arkansas Department of Correction | ) |
|     Respondent. | |

### PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Jeremy Antwon Thomas on December 22, 2011. Doc. No. 1.  A response was filed by Respondent Ray Hobbs on January 27, 2012. Doc. No. 9.  Petitioner did not file a reply.  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Discussion

Petitioner pled guilty to two counts of first-degree battery on November 1, 2004.  He alleges that he subsequently filed a "writ of error coram nobis" attacking the legality of his sentence, but Petitioner does not indicate when the writ was filed. Pet. 3, Doc. No. 1.  There is no indication of any such filing in the relevant docket sheets. *See* Resp't's Ex. 2, Doc. No. 9.

Petitioner presently seeks relief pursuant to 28 U.S.C. § 2254, arguing that 1) he is actually innocent of first-degree battery, 2) there was no factual basis for his guilty plea, 3) he received ineffective assistance of counsel, and 4) his guilty plea was involuntary and unintelligently made. The merits of Petitioner's arguments cannot be reached because his claims are both time barred and procedurally defaulted.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The relevant starting date occurred on November 1, 2004, the date the judgment and commitment order was entered, because Petitioner's guilty plea precluded him from seeking any direct appeal under Arkansas law. *See* Ark. R. App. Proc.—Crim. 1(a). Thus, he was required to file his petition for federal habeas corpus by November 1, 2005.[1]

The current petition was not filed until December 22, 2011, and there is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Petitioner does argue that he is innocent, but actual innocence cannot toll the limitations period absent a showing that some action or inaction on the

---

[1] The Court need not address whether the writ of error that he allegedly filed was a collateral attack that tolled the limitations period because there is nothing to indicate that it would have tolled limitations for over six years. *See* 28 U.S.C. § 2244(d)(2).

part of the respondent "prevented [the petitioner] from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002) (explaining that AEDPA "fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine."). Petitioner brought the current action over six years after the limitations period had expired, and he has failed to provide any valid reasons for why the Court would be able to consider his claims. Accordingly, the Court finds that the petition is time barred.

Petitioner's claims are also procedurally barred because he failed to present them to the state courts. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the

prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner could have presented his claims to the Arkansas courts in a petition for postconviction relief pursuant to pursuant to Ark. R. Crim. P. 37.1. However, he did not and the time for doing so has expired. Thus, his procedural default bars federal consideration of his claim unless he can 1) show cause for the defaults and actual prejudice as a result of the alleged constitutional violations or 2) demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).

Petitioner's only argument regarding his procedural defaults is one of actual innocence.[2] To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy*, 652 F.3d at 850 (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). Petitioner merely argues that he was guilty of second-degree battery (rather than first-degree) because he did not use any weapons during his fight with two correctional officers. This is not new evidence. Accordingly, Petitioner's claim is procedurally barred from federal consideration.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a

---

[2] Although this is not argued by Petitioner, the Court would note that the Supreme Court recently created a narrow exception to the procedural default bar regarding ineffective assistance of counsel claims. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (holding that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial). However, the Court believes that Petitioner's failure to file a state postconviction petition would prevent him from availing himself of this exception.

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 12th day of June, 2012.

_____
United States Magistrate Judge